IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TWAYNE LEBARSHA WARE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:20-cv-326-WKW-JTA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Petitioner Twayne Lebarsha Ware's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. No. 1.[1] As discussed below, Ware's § 2255 motion is time-barred under the statute of limitations, and thus the Magistrate Judge recommends that his motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

### I.  INTRODUCTION

On May 2, 2016, Ware pled guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1) (Count 1); and aiding and abetting possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1) and 18

---

[1] References to documents in this proceeding are designated as "Doc. No." References to documents in Ware's underlying criminal case (Case No. 2:15-cr-335) are designated as "Crim. Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as presented for filing.

U.S.C. § 2 (Count 15).[2] Crim. Doc. 616. The plea agreement contained a waiver provision in which Ware waived his rights to appeal and collaterally attack his sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. Crim. Doc. 142 at 7. On October 4, 2016, the district court sentenced Ware to 240 months in prison. Crim. Doc. 630; Doc. No. 1-2 at 2.

Ware appealed, and his counsel filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 778 (1967), stating she could find no meritorious issues for review. On December 29, 2017, the United States Court of Appeals for the Eleventh Circuit issued an opinion stating that its independent examination of the record revealed no arguable issues of merit and affirming Ware's convictions and sentence. Crim. Doc. 770; *see United States v. Ware*, 709 F. App'x 660 (11th Cir. 2017). Ware did not file a petition for writ of certiorari with the United States Supreme Court.

On May 7, 2020,[3] Ware filed this § 2255 motion asserting claims that (1) his counsel rendered ineffective assistance in various ways, including by allowing him to plead guilty under an "ambiguous plea agreement" with terms he did not understand and by failing to

---

[2] Ware was charged with nine others in a 26-count superseding indictment alleging various drug and firearm offenses arising from operation of a largescale cocaine distribution ring. Crim. Doc. 269. Eight of the codefendants, including Ware, pled guilty, while two codefendants went to trial and were convicted.

[3] Although Ware's motion was stamped as received in this court on May 15, 2020, under the "prison mailbox rule," the court deems his motion filed on the date he says he placed it in the prison mailing system, May 7, 2020. Doc. No. 1 at 10.  *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

protect his right to equal protection under the laws; and (2) his sentence was unreasonable.[4] Doc. No. 1 at 4–8.

The Government filed a response to Ware's § 2255 motion in which it argues that his motion is time-barred under the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255(f). Doc. No. 3 at 6–8. Ware then filed additional pleadings addressing, among other things, the statute of limitations issue. Doc. Nos. 8, 9, 10.

## II.   DISCUSSION

**A.   One-Year Statute of Limitations**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year limitation period for filing a motion under 28 U.S.C. § 2255. In pertinent part, AEDPA amended § 2255 to provide:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

---

[4] Ware asserts that his sentence was "illegal," but all his arguments in this regard go to the substantive reasonableness of his sentence, and he fails to show he was sentenced in excess of any applicable statutory maximum. *See* Doc. No. 1 at 5; Doc. No. 8 at 9–12.

    recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**B. Computation of Timeliness**

  The United States Supreme Court has held that, for purposes of AEDPA's one-year statute of limitations, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Here, Ware had 90 days from the Eleventh Circuit's December 29, 2017 decision affirming his convictions and sentence in which to file a petition for a writ of certiorari in the Supreme Court, and his conviction became final for purposes of § 2255 when that 90 days passed. *See* Sup. Ct. R. 13(1), (3); *see also Close v. United States*, 336 F.3d 1283, 1284–85 (11th Cir. 2003). His conviction became final, therefore, on March 29, 2018. Under § 2255(f)(1), Ware had until March 29, 2019—one year later—to file his § 2255 motion in this Court. He filed his § 2255 motion on May 7, 2020—over 13 months after the limitation period in § 2255(f)(1) expired.

  Ware does not show that he may rely on any of the provisions of 28 U.S.C. § 2255(f)(2), (3), or (4) for the statute of limitations in his case.  Specifically, Ware does not show that a Government-created impediment prevented him from filing his § 2255 motion at an earlier date, or that his claims are based on a right newly recognized and made

retroactive by the Supreme Court, or that the facts supporting his claims could not have been discovered earlier by exercising due diligence. Although, in an apparent effort to suggest that his § 2255 motion should be considered timely, Ware makes a conclusory assertion that "newly discovered evidence became available" (Doc. No. 1 at 9), he does not try to explain what this evidence is, how it supports his claims, or how it could not have been discovered earlier by exercising due diligence.[5] Thus, Ware's claims do not fall under the ambit of § 2255(f)(4), and the limitation period in § 2255(f)(1) controls his case.

**C.      Equitable Tolling**

The Supreme Court has held that the applicable limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But the Court has noted "that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649. The diligence required is reasonable diligence, not "maximum feasible diligence," *id.* at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F. 3d 1257, 1267 (11th Cir. 2011). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). "The petitioner bears the burden of showing that equitable tolling is warranted." *Id.*

---

[5] The Court notes that "[n]ew legal holdings, other than rulings in the petitioner's own case, do not constitute new 'facts' under § 2255(f)(4)." *Moore v. United States,* 2015 WL 9490223, at *2 (D. Md. 2015).

Ware appears to suggest that equitable tolling is warranted to excuse the untimely filing of his § 2255 motion because, he says, he was unfamiliar with his postconviction rights. Doc. No. 8 at 5. However, courts do not accept "a lack of legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005)). *See, e.g., Gardner v. Walker*, 2005 WL 1127137, *1 (M.D. Ga. May 7, 2005) (citations omitted) ("'Ignorance of the law is no excuse; it is not a reason for equitable tolling.'. . . . Here, Petitioner's Objection is without merit because his ignorance of AEDPA's limitations period fails to amount to 'extraordinary circumstance[s]' for equitable tolling purposes."); *Burton v. Deloach*, 2008 WL 2131398, *4 (M.D. Ala. Mar. 13, 2008) ("The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period.").

Ware also suggests that equitable tolling is warranted in his case due to his limited access to the law library and inability to conduct legal research because of prison lockdowns arising from the COVID-19 pandemic. Doc. No. 8 at 5. However, "cursory assertions regarding the inadequacy of, or lack of access to, the prison law library are insufficient to warrant equitable tolling of the statute of limitations." *Carter v. Price*, 2014 WL 1017663, *3 (M.D. Ala. Mar. 14, 2014); *see also Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) ("Paulcin asserted only the conclusory allegation that he was denied access to the [law] library and his records, but failed to allege how his inability to

obtain legal materials thwarted his efforts to file a timely federal proceeding."); *Miller v. Florida,* 307 F. App'x 366, 368 (11th Cir. 2009) ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as [ ] circumstances warranting equitable tolling."). Further, under § 2255(f)(1), the statute of limitations for Ware to file his § 2255 motion expired on March 29, 2019. Ware cannot show a causal connection between any prison lockdowns arising from the COVID-19 pandemic and his failure to file his § 2255 motion by March 29, 2019.

Ware filed his § 2255 motion well after expiration of AEDPA's statute of limitations as set forth in 28 U.S.C. § 2255(f)(1). In addition, he demonstrates no entitlement to equitable tolling. Consequently, his § 2255 motion is time-barred under the statute.

**D.     Actual Innocence**

Notwithstanding AEDPA's statute of limitations, it has been recognized that an untimely habeas petition can be overcome—thereby opening the door to review—through a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). A petitioner so asserting actual innocence must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Actual innocence means factual innocence, not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623–24 (1998). In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at

7

    trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

  Ware asserts his actual innocence as a gateway to review of his otherwise time-barred § 2255 motion. Specifically, he argues that he is actually innocent of aiding and abetting the possession with intent to distribute cocaine, as charged in Count 15 of the superseding indictment. Doc. No. 10 at 1–2.[6] In this regard, Ware maintains that the reversal in August 2019 of his codefendant Wallace Eugene McCree III's convictions for that and other charges in the indictment rendered him innocent of the aiding and abetting offense charged in Count 15. *Id*. at 1–12.

  McCree was one of three codefendants (including Ware) charged with aiding and abetting cocaine distribution in Count 15. Crim. Doc. 269 at 7–8. McCree also was a named codefendant in the conspiracy charge in Count 1. *Id.* at 1–2. Along with James Marvin Hawkins, McCree was one of two codefendants charged in the indictment who went to trial. A jury convicted McCree and Hawkins of conspiracy and several related charges in the indictment. For McCree, one count of conviction was Count 15. Although Ware correctly states that McCree's convictions, including those under Counts 1 and 15 were reversed by the Eleventh Circuit in August 2019, that reversal was based on the Eleventh

---

[6] Ware raised this actual innocence argument in a document filed on July 28, 2022, styled as a "Motion Under § 2255(h) and 2244(b)(3)(A), Authorizing the District Court to Consider a Second or Successive Motion to Vacate, Set Aside, or Correct His Federal Sentence." Doc. No. 10. Notwithstanding the manner in which Ware styled Doc. No. 10, his instant § 2255 motion is his first and only § 2255 motion attacking his convictions and 240-month sentence. Considering the substance of Doc. No. 10, where Ware argues that his actual innocence is a gateway to review of his otherwise time-barred § 2255 motion, the Court has construed Doc. No. 10 to be Ware's supplemental response to the Government's response to his § 2255 motion.

Circuit's finding that the district court had erroneously allowed an investigating drug agent to provide prejudicial "speculative interpretive commentary" in his testimony about the meaning of phone calls and text messages involving McCree, Hawkins, and other alleged coconspirators. *See United States v. Hawkins*, 934 F.3d 1251, 1260–69 (11th Cir. 2019). The reversal of McCree's convictions under Counts 1 and 15 based on the erroneous admission of testimony at his trial does not in any way establish Ware's factual innocence of the charge in Count 15 (nor, for that matter, does it establish McCree's factual innocence). Even a jury trial acquittal of McCree on Counts 1 and 15 subsequent to Ware's guilty plea to Count 15 would not have sustained Ware's assertion of actual innocence. *See United States v. Fulton*, 2011 WL 1838716, at *2–3 (E.D. Pa. May 16, 2011). Conviction of McCree under Counts 1 and 15 was neither a legal nor factual prerequisite for Ware to be guilty under Count 15, and the reversal of McCree's convictions did not obviate Ware's guilty plea to Count 15.[7] Thus, Ware fails to make a colorable claim of actual innocence by his argument.

Put most succinctly, "the actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted), and this is not such a case. Because Ware fails to make a

---

[7] The third codefendant named in the aiding and abetting offense charged in Count 15 (in addition to Ware and McCree), was Ware's brother, Carlos. Crim. Doc. 269 at 7–8. Carlos pled guilty to numerous charges including the conspiracy charge in Count 1 and the aiding and abetting charge in Count 15. His convictions and sentence were affirmed on appeal in October 2017, and his § 2255 motion was denied by this Court in August 2021. *See United States v. Carlos Renaldo Ware*, 710 F. App'x 438 (2017); *Carlos Ware v. United States*, Case No. 2:18-cv-814-WKW-CSC. Ware does not explain how Carlos's intact convictions on Counts 1 and 15 affect his actual innocence argument.

colorable claim of actual innocence, his § 2255 motion is time-barred, and the claims therein are subject to no further review.

### III.  CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Ware's § 2255 motion be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation by **November 1, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 17th day of October, 2022.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE